Case 3:18-cv-00432   Document 62   Filed on 04/07/21 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
April 07, 2021
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

No. 3:18-cv-432

DAVID GEORGE RODRIGUEZ, TDCJ #00752635, PLAINTIFF,

v.

VIRGIL MCMULLEN, ET AL., DEFENDANTS.

**MEMORANDUM OPINION AND ORDER**

JEFFREY VINCENT BROWN, UNITED STATES DISTRICT JUDGE.

Plaintiff David George Rodriguez is an inmate in the custody of the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ"). Rodriguez has filed a civil-rights complaint under 42 U.S.C. § 1983 alleging that Defendant Virgil McMullen retaliated against him for exercising his First Amendment right to complain about conditions of his confinement through the prison grievance process.

**I.   BACKGROUND**

On May 28, 2020, the court entered an order granting in part and denying in part defendants' motion for summary judgment (*see* Dkt. 37). The claims against Defendants Kendrick Demyers, Hope Croman, and Allen Reyes were dismissed with prejudice, thus leaving the retaliation claim against Warden

McMullen. As to Warden McMullen, the claims remaining for trial are whether Rodriguez is entitled to relief in the form of a declaratory judgment, nominal damages, or punitive damages, or some or all of the above, on his claim that Warden McMullen retaliated against him (*see id.* at 44).

Pending now before the court is Warden McMullen's supplemental motion for summary judgment (Dkt. 54). Warden McMullen argues that Rodriguez's request for relief in the form of a declaration that the acts and omissions described in his pleadings violated his constitutional rights is barred by the Eleventh Amendment. He further asserts that the exception to Eleventh Amendment immunity set forth in *Ex parte Young*, 209 U.S. 123 (1908), does not apply because the relief Rodriguez seeks is not prospective and Rodriguez does not allege an on-going constitutional violation.[1]

Rodriguez has filed a response (Dkt. 57), arguing that he has an injury-in-fact that declaratory relief would address. Specifically, he asserts that Warden McMullen's filing of a false disciplinary report—which report, Rodriguez asserts, was filed in retaliation for exercising his First Amendment right to file grievances—resulted in a downgrade in classification status (*id.* at 3). This downgrade in classification status caused his transfer to a higher security prison, which was accompanied by "significantly less freedom of movement and limited

---

[1] Warden McMullen also appears to summarily move for summary judgment on Rodriguez's retaliation claim as a whole; to the extent that he is so moving, such request is denied for the reasons set forth in the court's May 28, 2020, memorandum opinion and order.

privileges" (*id.*). Rodriguez asserts that Warden McMullen's retaliation "has long-lasting effects that will follow [Rodriguez] throughout his time at TDCJ (regardless of the facility he is confined in)" and that such effects include "offender classification levels, good time credits, [and] parole eligibility" (*id.* at 4). Although Rodriguez does not clearly pinpoint what declaratory relief he seeks in his response, it appears that he seeks the cell phone disciplinary case to be overturned and a declaration that the acts and omissions described in his pleadings violated his constitutional rights, which were part of the relief sought in his original complaint (*see* Dkt. 1, at 4).

## II.   ANALYSIS

Warden McMullen's argument is premised on the theory that Rodriguez is suing McMullen in his official capacity. Rodriguez's pleadings make clear, however, that he is suing Warden McMullen in only his individual capacity (*see* Dkt. 1, at 11 ("Virgil McMullen . . . while acting in his individual capacity . . . ."); Dkt. 1, at 12 ("Each defendant is sued in their individual capacity."); Dkt. 2, at 1 ("Each defendant is sued in their individual capacity."); Dkt. 32, at 1 ("Virgil McMullen, in his individual capacity, . . . .")).[2]

Subject to certain narrow exceptions, suits brought against individual persons in their official capacities as agents of the state are barred by the Eleventh

---

[2]   Indeed, Rodriguez sued each of the defendants in solely their individual capacities (Dkt. 1, at 11–12; Dkt. 2, at 1).

3/ 5

Amendment.  *See Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318, 320 (5th Cir. 2008); *Hamilton v. Foti*, 372 F. App'x 480, 485 (5th Cir. 2010) (per curiam) ("A claim against a state official in his official capacity is essentially a claim against the state.  Therefore, the Eleventh Amendment generally bars suits by private parties against a state in federal court regardless of the relief sought.") (citations omitted). The Eleventh Amendment, however, "does *not* bar suits against officials in their *individual* capacities."  *Martin v. Thomas*, 973 F.2d 449, 458 (5th Cir. 1992) (emphasis supplied); *see also Modica v. Taylor*, 465 F.3d 174, 183 (5th Cir. 2006) ("As a general rule the Eleventh Amendment does not bar suits against officers in their individual capacities.") (citations omitted); *Hudson v. City of New Orleans*, 174 F.3d 677, 687 n.7 (5th Cir. 1999) ("The Eleventh Amendment does not come into play in personal capacity suits[.]") (citation omitted); *Flowers v. Phelps*, 964 F.2d 400, 401 n.2 (5th Cir. 1992) (per curiam) ("Since [plaintiff] sued the defendants in their individual capacities for violation of his constitutional rights, the Eleventh Amendment does not bar his federal claim.") (citations omitted). Moreover, the court has previously determined that fact issues exist that would make summary judgment inappropriate at this time.

Accordingly, because Rodriguez has sued Warden McMullen in his individual capacity only, Warden McMullen's supplemental motion for summary

judgment based on Eleventh Amendment immunity (Dkt. 54) is **DENIED**.

The clerk will provide a copy of this order to the parties.

Signed on Galveston Island this __7th__ day of __April_____, 2021.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE