Case 3:18-cv-00432   Document 97   Filed on 09/07/21 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
September 07, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

No. 3:18-cv-432

DAVID GEORGE RODRIGUEZ, TDCJ #00752635, PLAINTIFF,

v.

VIRGIL MCMULLEN, DEFENDANT.

## ORDER

JEFFREY VINCENT BROWN, UNITED STATES DISTRICT JUDGE.

State inmate David George Rodriguez (TDCJ #752635) has filed a notice of appeal of this court's judgment (*see* Dkts. 88, 89). He now moves for the appointment of counsel on appeal to the Fifth Circuit (Dkts. 90, 94). Rodriguez has also filed a motion for leave to proceed *in forma pauperis* for purposes of establishing his eligibility for appointment of counsel on appeal (Dkt. 95).

### A.   Application for Leave to Proceed *In Forma Pauperis* on Appeal

As an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division, Rodriguez's appeal is governed by the Prison Litigation Reform Act ("PLRA"). The PLRA requires indigent litigants to pay an initial filing fee followed by the full balance of the appellate docketing fee, which is $505.00. Because Rodriguez's appeal does not appear to have been filed in bad

faith for purposes of Rule 24(a)(3) of the Federal Rules of Appellate Procedure, *see* 28 U.S.C. § 1915(a)(3), the court **ORDERS** as follows:

1. The plaintiff's motion for leave to proceed *in forma pauperis* on appeal (Dkt. 95) is **GRANTED**.

2. The plaintiff is assessed an initial partial filing fee of $473.00 pursuant to 28 U.S.C. § 1915(b)(1). The agency having custody of the plaintiff shall collect this amount from the plaintiff's inmate trust fund account or institutional equivalent, when funds are available, and forward it to the court.

3. Thereafter, the plaintiff shall pay the balance of the appellate docketing fee ($32.00) in periodic installments as required by 28 U.S.C. § 1915(b)(2). The agency shall collect this amount from the plaintiff's inmate trust account and forward it to the court until the entire fee is paid.

4. The plaintiff is responsible for signing all consents and other documents required by the agency having custody of plaintiff to authorize the necessary withdrawal from the plaintiff's inmate trust account.

   **B.   Motion for Appointment of Counsel**

As noted above, Rodriguez has provided a certified copy of his inmate trust fund account statement (Dkt. 96). Although the plaintiff's inmate trust fund account statement reflects that he has enough funds to pay the appellate filing fee, this available balance demonstrates that he is unable to afford counsel and that he qualifies as indigent for purposes of 28 U.S.C. § 1915(e)(1). A district court may

appoint counsel for an indigent inmate where a case presents exceptional circumstances.  *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982); *Naranjo v. Thompson*, 809 F.3d 793, 803 (5th Cir. 2015).  Because the assistance of trained appellate counsel will be of assistance to Rodriguez and to the Fifth Circuit "by sharpening the issues in the case," *see Ulmer*, 691 F.2d at 213, the court will grant Rodriguez's motion for appointment of counsel.

Accordingly, it is **ORDERED** that the following attorney is appointed as counsel to represent the plaintiff:

**JIM MARROW**
Wright Close & Barger
One Riverway, Suite 2200
Houston, TX 77056
Phone: 713-572-4321
Fax: 713-572-4320
Email: marrow@wrightclosebarger.com

This appointment, which may include assistance by one or two associates under the above-referenced attorney's supervision, shall remain in effect until terminated or substitute counsel is appointed.  The plaintiff is advised that this appointment is only for representation at the United States Court of Appeals for the Fifth Circuit and that appellate counsel is under no obligation to prepare or file a petition for a writ of certiorari.  The plaintiff is further advised to communicate respectfully and to cooperate with counsel to the best of his ability.

Counsel appointed for plaintiff shall file any necessary motion to appear *pro hac vice* along with a notice of appearance on plaintiff's behalf with the Fifth

Circuit no later than **ten (10) days** from the date of this order.

The clerk will provide a copy of this order to the parties.

Signed on Galveston Island this  7th  day of   September          , 2021.

                                               JEFFREY VINCENT BROWN
                                               UNITED STATES DISTRICT JUDGE